JS - 6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SEROB SEROPIAN, et al.,** | **CASE NO. CV 15-7711 AB (AJWx)** |
| **Plaintiff(s),** | |
| **vs.** | **ORDER REMANDING CASE TO STATE COURT** |
| **CAROLYN WILLIAMSON, et al.,** | |
| **Defendant(s).** | |

The Court sua sponte REMANDS this action to California Superior Court for the County of Los Angeles for lack of subject matter jurisdiction, as set forth below.

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002) (quoting Great Northern R. Co. v. Alexander, 246 U.S. 276, 280 (1918)). Where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. Id.; Nevada v. Bank of America Corp., 672 F.3d 661, 667 (9th Cir. 2012); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992) (per curiam).

Unless otherwise provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 682 (9th

1  Cir. 2006); <u>Gaus</u>, 980 F.2d at 566-567.  "Under the plain terms of § 1441(a), in order properly to

2  remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original

3  subject-matter jurisdiction lies in the federal courts." <u>Syngenta Crop Protection</u>, 537 U.S. at 33.  Failure

4  to do so requires that the case be remanded because "[s]ubject matter jurisdiction may not be waived,

5  and . . . the district court must remand if it lacks jurisdiction." <u>Kelton Arms Condo. Owners Ass'n v.</u>

6  <u>Homestead Ins. Co.</u>, 346 F.3d 1190, 1192 (9th Cir. 2003).  "If at any time before final judgment it

7  appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C.

8  § 1447(c).  It is "elementary that the subject matter jurisdiction of the district court is not a waivable

9  matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or

10  sua sponte by the trial or reviewing court." <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1194 n.2 (9th

11  Cir. 1988).

12          From a review of the Notice of Removal and the state court records provided, it is evident that

13  the Court lacks subject matter jurisdiction over the instant case, for the following reasons.

14      ☒    No basis for federal question jurisdiction has been identified.

15          ☒    The Complaint does not include any claim "arising under the Constitution, laws,
16                or treaties of the United States."  28 U.S.C. § 1331.

17          ☒    Removing defendant(s) asserts that the affirmative defenses at issue give rise to
                federal question jurisdiction, but "the existence of federal jurisdiction depends
18                solely on the plaintiff's claims for relief and not only anticipated defenses to
                those claims." <u>ARCO Envtl. Remediation, L.L.C. v. Dept. of Health & Envtl.</u>
19                <u>Quality</u>, 213 F.3d 1108, 1113 (9th Cir. 2000).  An "affirmative defense based on
                federal law" does not "render[] an action brought in state court removable."
20                <u>Berg v. Leason</u>, 32 F.3d 422, 426 (9th Cir. 1994).  A "case may not be removed
                to federal court on the basis of a federal defense . . . even if the defense is
21                anticipated in the plaintiff's complaint, and even if both parties admit that the
                defense is the only question truly at issue in the case." <u>Franchise Tax Bd. v.</u>
22                <u>Constr. Laborers Vacation Tr.</u>, 463 U.S. 1, 14 (1983).

23          ☒    The underlying action is an unlawful detainer proceeding, arising under and
                governed by the laws of the State of California.

24      ☒    Diversity jurisdiction is lacking.

25          ☒    Every defendant is not alleged to be diverse from every plaintiff.  28 U.S.C. §
26                1332(a).

27          ☒    The Complaint does not allege damages in excess of $75,000, and the removing
                defendant(s) has not shown, by a preponderance of the evidence, that the amount

28                                    Page 2

1
2
3

in controversy requirement has been met.  28 U.S.C. § 1332(a); <u>Abrego Abrego</u>, 443 F.3d at 683..

☒   The underlying unlawful detainer action is a limited civil action that does not exceed $10,000.

4   In addition, to the extent that the removing defendant(s) alleges or attempt to allege that removal

5   jurisdiction exists under 28 U.S.C. § 1443(1), the Notice of Removal fails to meet the removing

6   defendant's burden to demonstrate that this action may be removed pursuant to that provision for "civil

7   rights cases."  "[T]he ground for removal [under section 1443(1)] is both specific and extremely

8   narrow."  <u>Davis v. Super. Ct. of State of Cal.</u>, 464 F.2d 1272, 1273 (9th Cir. 1972).  A removal petition

9   under section 1443(1) must satisfy a two-part test.  "First, the petitioners must assert, as a defense to

10  the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil

11  rights.  Second, petitioners must assert that the state courts will not enforce that right, and that allegation

12  must be supported by reference to a state statute or a constitutional provision that purports to command

13  the state courts to ignore the federal rights."  <u>Patel v. Del Taco, Inc.</u>, 446 F.3d 996, 999 (9th Cir. 2006)

14  (quoting <u>California v. Sandoval</u>, 434 F.2d 635, 636 (9th Cir.1970) (per curiam)); <u>see</u> <u>Johnson v.</u>

15  <u>Mississippi</u>, 421 U.S. 213, 219 (1975).

16  The moving defendant's conclusory allegations that her federal due process and equal protection

17  rights have been violated [<u>e.g.</u>, Notice of Removal 2, 7, 14-15] fail to satisfy the "specific and extremely

18  narrow" requirements of section 1443(a).  <u>See Patel</u>, 446 F.3d at 999 (remanding where the removing

19  defendants "point[ed] to no formal expression of state law that prohibits them from enforcing their civil

20  rights in state court nor . . . to anything that suggests that the state court would not enforce their civil

21  rights in the state court proceedings"); <u>see also</u> <u>Sandoval</u>, 434 F.2d at 636 ("Bad experiences with the

22  particular court will not suffice."); <u>Golden Union Prop., LLC v. Amesquita</u>, 2011 WL 321095, at *4

23  (C.D. Cal. Jan. 26, 2011) (remanding the case to state court because the defendant's allegation that his

24  "[c]onstitutionally guaranteed rights to due process and a fair hearing" were "abrogated or rendered

25  non-existent" by an unlawful detainer action were "insufficient to invoke the court's jurisdiction under

26  § 1443").

27  ///

28  ///

Page 3

1    Accordingly, **IT IS ORDERED** that this matter may be, and hereby is, **REMANDED** to the

2  California Superior Court listed above for lack of subject matter jurisdiction.

3

4

5  Date: October 9, 2015

   _____
6                                  UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28